FILED'09 AUG 06 09:46USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TIMOTHY M. SUNDEEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No.09-0761-TC |
| | ) | |
| v. | ) | ORDER AND |
| | ) | FINDINGS AND |
| MARK NOOTH, Superintendent, | ) | RECOMMENDATION |
| Snake River Correctional | ) | |
| Institute, | ) | |
| | ) | |
| Respondent. | ) | |

COFFIN, Magistrate Judge.

Petitioner has filed a Petition for Writ of Habeas Corpus. He seeks leave to proceed *in forma pauperis* (doc. 1) and appointment of counsel. (Doc. 3.) For the following reasons, I grant the motion to proceed *in forma pauperis*, deny the motion for appointment of counsel, and I recommend that this action be dismissed for failure to exhaust state remedies.

**Discussion**

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, I grant the motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a).

1   Order and Findings and Recommendation

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, petitioner has failed to exhaust his state court remedies; therefore, I do not find that the interests of justice would be served by the appointment of counsel at the present time.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971), <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas relief, I find that petitioner has failed to exhaust state court remedies. Petitioner states that he filed a petition for habeas relief in Marion County. (Doc. 2, p.4.) That petition was denied. Petitioner states that he did not appeal the denial because his attorney advised him against such action. (<u>Id.</u>) Petitioner also states that he did not seek review of the denial of his habeas petition with the State's

2    Order and Findings and Recommendation

highest court because his attorney would not investigate and because his attorney advised against appeal. (Id.) Petitioner's claims have not been presented to the Oregon Supreme Court. Further, there is no allegation that state court remedies are no longer available to him.

## Conclusion

I order that the motion to proceed in forma pauperis is GRANTED and the motion for appointment of counsel is DENIED.

I recommend that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **ten days after the date this order is filed.** The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 5t day of August, 2009.

THOMAS M. COFFIN
United States Magistrate Judge